```
 1  Darrell E. Davis, SBN #011442
 2  Daniel P. Thiel, SBN #035831
    CLARK HILL PLC
 3  14850 North Scottsdale Road, Suite 500
    Scottsdale, Arizona 85254
 4  Telephone:   (480) 684-1100
 5  Facsimile:   (480) 684-1199
    Email:       ddavis@clarkhill.com
 6               dthiel@clarkhill.com
 7  Attorneys for Defendant Metro Auto Auction LLC
```

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| Santos Muniz Tena; George S. Wilhelm; Angela Shaffer; Karla Nunez; Guadalupe Miramontes; Venecia Miranda; Jimmy Manucy; Scott Cluff; Dylan Burroughs; Brenda Langston; and Armando Moreno,<br><br>Plaintiffs,<br><br>v.<br><br>Metro Auto Auction LLC d/b/a Metro Auto Auction of Phoenix,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>Federal Question<br>28 U.S.C. §§ 1331, 1367(a), 1441 & 1446<br><br>Removed from the Maricopa County Superior Court<br>Case No. CV2023-091191 |
|---|---|

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, DISTRICT OF ARIZONA**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, Defendant Metro Auto Auction LLC d/b/a Metro Auto Auction of Phoenix ("Defendant"), through counsel, hereby removes this action from the Maricopa County Superior Court to the United States District Court for the District of Arizona on the following grounds:

1. Plaintiffs Santos Muniz Tena; George S. Wilhelm; Angela Shaffer; Karla Nunez; Guadalupe Miramontes; Venecia Miranda; Jimmy Manucy; Scott Cluff; Dylan

1

1. Burroughs; Brenda Langston; and Armando Moreno ("Plaintiffs") originally commenced this action against Defendant, on or about March 13, 2023, by filing the Summons, Complaint, and Certificate of Compulsory Arbitration in the Maricopa County Superior Court, Case No. CV2023-091191 (the "State Court Action"). A true and accurate copy of the Summons, Complaint, and Certificate of Compulsory Arbitration is attached hereto as **Exhibit 1**.

2. On March 23, 2023, Defendant, through counsel, accepted service of Plaintiffs' Complaint. A true and accurate copy of Defendant's executed Acceptance of Service is attached hereto as **Exhibit 2.**

3. On March 27, 2023, Defendant's counsel filed its Notice of Appearance in the State Court Action. A true and accurate copy of the Notice of Appearance is attached hereto as **Exhibit 3**.

4. Pursuant to LRCiv 3.6(b), a true and accurate copy of the state court record is attached hereto as **Exhibits 1-3**.

5. Pursuant to LRCiv 3.6(b), a true and accurate copy of the most recent state court docket is attached hereto as **Exhibit 4.**

6. In the State Court Action, Plaintiffs have asserted two claims against Defendant: (i) violation of the federal Driver's Privacy Protection Act, 18 U.S.C. §§ 2721-2725 ("DPPA Claim"); and (ii) conversion ("Conversion Claim"). *See* **Exhibit 1**, Complaint ¶¶ 266-281.

7. The Complaint alleges, *inter alia*, that (i) Defendant "knowingly obtained, disclosed, and used Plaintiffs' names and addresses from a third-party provider that contracts with MVD" in violation of the DPPA; and (ii) used that information to locate Plaintiffs' vehicles and repossess them "knowing that such conduct would wrongfully deprive Plaintiffs of their property." *See id.*

8. The DPPA Claim "aris[es] under the Constitution, laws, or treaties of the United States" within the meaning of 28 U.S.C. § 1331. Thus, this Court has original jurisdiction over the DPPA Claim.

9. Further, 28 U.S.C. § 1367(a) provides "[e]xcept as provided in subsection (b) or (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

10. "Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1186 (9th Cir. 2022) (citation omitted).

11. The federal DPPA Claim and the state law Conversion Claim "derive from a common nucleus of operative fact" in that, as alleged in the Complaint, Defendant "knowingly obtained, disclosed, and used Plaintiffs' names and addresses from a third-party provider that contracts with MVD" allegedly in violation of the DPPA and then allegedly used that information to locate Plaintiffs' vehicles and repossess them "knowing that such conduct would wrongfully deprive Plaintiffs of their property." *See* **Exhibit 1**, Complaint ¶¶ 266-281.

12. The exceptions provided for in 28 U.S.C. § 1367(b) and (c) are inapplicable.

13. There exists no federal statute that expressly precludes this Court from exercising supplemental jurisdiction over the Conversion Claim.

14. In light of the foregoing, this Court has original jurisdiction over the DPPA Claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the Conversion Claim pursuant to 28 U.S.C. § 1367(a).

15. This action may be removed to this Court, pursuant to 28 U.S.C. §1441(a), because it is the federal district court located in Maricopa County, Arizona, in which this action was pending before removal.

16. Defendant is the only named defendant in the State Court Action; therefore, all defendants have joined in this removal. 28 U.S.C. § 1446(b)(2)(a).

17. This Notice of Removal is timely filed because it was filed within thirty (30) days after receipt by Defendant, through acceptance of service, of the Summons and Complaint of Plaintiffs. 28 U.S.C. § 1446(b)(2)(b).

18. Pursuant to LRCiv 3.6(a), a Civil Cover Sheet is attached hereto.

19. Pursuant to LRCiv 3.6(a) and (b), a Supplemental Civil Cover Sheet is attached hereto.

20. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing of Notice of Removal will be filed with the Clerk for the Superior Court of the State of Arizona, County of Maricopa, and will also be served upon Plaintiffs. A copy of the written Notice of Filing of Notice of Removal that is concurrently being filed and served is attached hereto as **Exhibit 5**.

21. Defendant reserves the right to amend and/or supplement this Notice of Removal.

WHEREFORE, Defendant respectfully requests that this action be removed and that this Court assume full jurisdiction over this case as provided by law.

DATED this 29th day of March, 2023.

**CLARK HILL PLC**

By: *s/ Darrell E. Davis*
　　Darrell E. Davis
　　Daniel P. Thiel
　　*Attorneys for Defendant Metro Auto Auction LLC*

4

ClarkHill\33218\423503\270969188.v1-3/29/23

## **VERIFICATION OF DANIEL P. THIEL**

I, Daniel P. Thiel, verify as follows:

1.    I am an active member in good standing of the State Bar of Arizona and Senior Counsel with the law firm of Clark Hill PLC, the counsel of record for Defendant Metro Auto Auction LLC.

2.    I have firsthand knowledge of the matters set forth herein. I submit this verification pursuant to LRCiv 3.6 and Fed. R. Civ. P. 11.

3.    I hereby verify that attached to this Notice of Removal are the true and accurate copies of all pleadings and other documents filed in the State Court Action.

I verify that the foregoing is true and correct.

**CLARK HILL PLC**

By: *s/ Daniel P. Thiel*
     Daniel P. Thiel

ClarkHill\33218\423503\270969188.v1-3/29/23

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court this 29th day of March, 2023, via the CM/ECF system and also served the foregoing by regular mail and email to:

Hyung S. Choi
Veronika Fabian
**CHOI & FABIAN, PLC**
90 S. Kyrene Road, Suite 5
Chandler, AZ 85226
info@choiandfabian.com
*Attorneys for Plaintiffs*

*s/ Kathy Lesage*